IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SCARVER,

                      Petitioner,                          ORDER

      v.                                         00-cv-711-bbc

JON LITSCHER and GERALD BERGE,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case has been closed for nearly eight years. In an order entered on December 20, 2000, I denied petitioner's request for leave to proceed <u>in forma pauperis</u> after concluding that his claims were legally meritless. In the same order, I recorded a strike against petitioner. Now petitioner has filed a "Motion for Reconsideration," in which he asks that I rescind the strike recorded against him in this case. He explains that he has earned strikes in two other cases (a review of the federal court's PACER system confirms that he earned a strike in <u>Scarver v. Trapp</u>, 02-cv-411-WEC (E.D. Wis. Feb. 2, 2003) (dismissal for failure to state a claim upon which relief may be granted), and in <u>Scarver v. Abrahamson</u>, 92-cv-1243-RTR (E.D. Wis. Feb. 9, 1993) (dismissal as legally frivolous)), and that his three-strike status is preventing him from pursuing a new lawsuit on the question whether Colorado

1

prison officials are denying him his right to practice his religion, an issue he notes is extremely important to him.

Petitioner's argument in favor of finding him eligible for rescission of the strike recorded in this case is as follows. First, he points out that I denied him leave to proceed in forma pauperis on four claims in this case: 1) respondents at the Wisconsin Secure Program Facility denied him adequate mental health care in violation of the Eighth Amendment; 2) his transfer to the Wisconsin Secure Program Facility was accomplished without procedural due process; 3) he was denied his due process rights with respect to his placement on administrative confinement; and 4) respondents' actions were conspiratorial and motivated by a desire to retaliate against petitioner for the exercise of a constitutional right. Because I found each claim to be legally meritless, the action qualified for a strike under 28 U.S.C. § 1915(g). However, after I dismissed this case, petitioner filed two other cases, Scarver v. Litscher, 01-cv-497-bbc and Jones'El v. Berge, 00-cv-421-bbc. In each of these cases, I allowed petitioner to proceed on a claim that his Eighth Amendment rights were being violated by defendants' deliberate indifference to his serious mental health needs. Petitioner suggests that because I recognized that his Eighth Amendment claims in the latter cases had legal merit, I should conclude that I erred in dismissing his Eighth Amendment claim in this case.

As an initial matter, I note that there are strict time limits within which a litigant may

2

challenge a court's final order or judgment. Fed. R. Civ. P. 59 sets the deadline at 10 days, and Fed. R. Civ. P. 60 requires challenges to be raised "within a reasonable time." Presumably, petitioner is attempting to invoke Fed. R. Civ. P. 60 to mount his challenge in this case. However, even if I accepted petitioner's argument (which I do not) that prisoners should not be held accountable under § 1915(g) for their failure to plead a claim successfully in one lawsuit so long as they raise the claim successfully in a subsequent suit, petitioner has known at least since 2001 that the Eighth Amendment claim he raised in <u>Scarver v. Litscher</u>, 01-cv-497-bbc, passed legal scrutiny. His decision to wait another seven years to ask this court to revisit the question whether a strike should have been recorded against him in this case is not reasonable.

In any event, there is yet another reason I cannot rescind petitioner's strike. In <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007), the court of appeals held that strikes are to be recorded when any *claim* is dismissed from a lawsuit on the ground that it is legally frivolous or malicious or fails to state a claim upon which relief may be granted. This precedent now controls in this case. Therefore, even if one of his claims should not have been dismissed as legally meritless, he raised other claims in the suit that were properly dismissed for one of the reasons listed in § 1915(g). Therefore, the strike recorded in this case remains valid.

One further matter requires comment. In his motion for reconsideration, petitioner

3

asked that documents attached to the motion be returned to him. Because the documents were scanned into the court's electronic file for this case, there is no need to retain original copies of the attachments for record purposes. Therefore, I am returning them to petitioner with a copy of this order, as he requested.

ORDER

IT IS ORDERED that petitioner's "Motion for Reconsideration" (Dkt. #5) is DENIED.

Entered this 19th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge